Shepard *v.* Sanford.

SHEPARD *vs.* SANFORD and others.

A court of equity will not entertain jurisdiction of a case for the mere purpose of giving a compensation in damages, for an injury sustained by a false representation; where the remedy at law, by an action on the case, is clear and perfect, and where no discovery is asked for, from the defendant.

THIS was an appeal from a decretal order of the vice chancellor of the fourth circuit, allowing the demurrer of the defendant A. Clark, and dismissing the bill as to him; but with leave to the complainant to amend. The substance of the charge in the bill was that Sanford and Clark, two of the defendants, agreed to represent the defendant Campbell, whom they knew to be insolvent, as a responsible person, and as a creditor of theirs to the amount of $5000; to enable him to defraud the complainant in the purchase of a small farm and a lot of standing wood and timber, on a credit; and that the complainant was in fact defrauded, in the sale of the farm and of the standing wood and timber, by such false representations made by Sanford and Clark. The following opinion was delivered by the vice chancellor.

WILLARD, V. C. The gravamen of the bill in this cause is that the defendants conspired together to cheat the complainant, as follows: that Sanford and Clark should represent Campbell to be a man of pecuniary responsibility, and a creditor of theirs to the amount of $5000, besides owning other property: that

Campbell, upon the strength of the representation, should purchase of the complainant, on a credit, 18 acres of standing wood on the complainant's farm in Amsterdam; that he should also purchase of the complainant, on a credit, another farm of 30 acres; that Campbell should withhold payment, whereby the complainant would be the less able to pay a mortgage of $3000 held against him by another person; that Sanford and Clark would buy in the mortgage and sell the complainant's farm at a forced sale, and buy it in for a small sum, and the three defendants should share in the speculation. In connection with this, Sanford and Clark induced the complainant to trade at their store, on Campbell's account, and the complainant's sons were also induced to trade with them, upon the like terms.

The bill alleged that the complainant, confiding in the assurances of the defendants as to Campbell's responsibility, sold him the 18 acres of wood, on a credit, and also the 30 acres of land to a person appointed by him, and took a bond and mortgage; that the complainant and his sons traded with Sanford and Clark to a large amount, on Campbell's credit; that Sanford and Clark refused to turn the store account with Campbell, but compelled the complainant and his sons to pay them for the same, which they have done; that Campbell was and is insolvent, and that his insolvency was known, at the time, by Sanford and Clark; that the complainant has foreclosed the mortgage on the 30 acres, and bid in the property for about one half the sum for which he sold it, and the balance remains due; and that he has recovered a judgment against Campbell for the wood, and an execution has been returned *nulla bona,* &c. The bill prayed that the defendants, Sanford and Clark, might be decreed to pay the judgment and the sum which should remain due after the foreclosure of the mortgage on the 30 acre lot.

This bill cannot be sustained as a creditor's bill for want of the averments required by the 189th rule. (*See* 3 *Paige,* 505, *and S. C.* 9 *Wend.* 548.) It is nowhere averred that Campbell has any equitable interests in the hands of Sanford and Clark, or that they are indebted to him. There may be other

averments necessary in a creditor's bill which have been omitted. The bill is not brought for a discovery; as an answer on oath is waived. It is for relief only. The whole subject matter was exclusively cognizable at law. The complainant and his sons, by paying up their accounts to Sanford and Clark, have destroyed their remedy either at law or equity for that part of their claim. Had they refused to pay, the bill might have been so drawn as to apply those debts upon their judgment against Campbell. They also had a good defence at law to those accounts.

The fraudulent representation as to the pecuniary responsibility of Campbell, is of legal cognizance purely; unless it is shown that the property fraudulently received came to the hands of Sanford and Clark. In that case they may be treated as trustees of Campbell for the complainant's benefit. The bill indeed alleges that the avails of the wood came to the hands of Sanford and Clark. But it is not set up in such a way as to dispense with the averment required by the 189th rule.

The demurrer must be allowed, and the bill dismissed as to the defendant Clark, with costs; unless the complainant, within 60 days, elects to pay costs and amend his bill.

*H. Fish*, for the appellant. The demurrer, in this case, is to the whole bill. The bill must therefore be taken as true; and the whole case of fraud stated therein is admitted. And if there is any part, either to the relief or to the discovery, to which the defendant ought to have put in an answer, the demurrer, being entire, must be overruled. (*Mitf. Pl.* 172, 174. 1 *Barb. Ch. Pr.* 106, 111. 3 *John. Ch. Rep.* 467. 5 *Id.* 184. 1 *Ves. jun.* 289. 1 *John. Cas.* 429. 2 *Cai. Cas. in Err.* 344.) There is but one general right claimed in the bill, to wit: the right of being relieved against the combined frauds of the defendants. And although several matters are set forth in the bill, all tending to show the combination of fraud, yet in such case a demurrer will not hold, though the defendants have separate and distinct rights. (*Mitf. Pl.* 147, 148. *Cooper's Eq. Pl.* 184.) The ground upon which the vice chancellor based his opinion

Shepard v. Sanford.

in favor of sustaining the demurrer, was, that the complainant had a remedy at law. No such point was taken before him upon the argument, nor was that point raised by the demurrer. Consequently that question cannot now be raised in this court on appeal. (*Mitf. Pl.* 174, 176. 1 *Barb. Ch. Pr.* 106. *Barton's Eq.* 108. 2 *Ves.* 83. 4 *Paige*, 127. 4 *Cowen's Rep.* 727. 2 *John. Ch. Rep.* 369.) A court of equity has concurrent jurisdiction with courts of law in all cases of fraud. And its jurisdiction in this case, from the matters set forth in the bill, should have been sustained. (6 *Ves.* 174, 182. 13 *Id.* 131. 10 *Id.* 470. 7 *Id.* 19. 9 *Id.* 464. 5 *Id.* 794. 2 *Id.* 122. 2 *Ves. jun.* 295. 1 *Ves. sen.* 98. 1 *Atk.* 126. 2 *P. Wms.* 156. 1 *Mad. Rep.* 23. 3 *Bro. Ch. Rep.* 218. 1 *Burr.* 396. 1 *Mad. Ch.* 257. 17 *John. Rep.* 388. 1 *John. Cas.* 493. 2 *Cai. Cas. in Err.* 39. 4 *Cowen's Rep.* 727. 7 *John. Ch. Rep.* 201. 4 *Paige*, 94. 7 *Id.* 560. 10 *Id.* 340. 1 *Litt. Sel. Ca.* 164. 2 *Harris & John.* 487.)

*D. P. Corey*, for the respondent. The complainant should, but does not, make out a case within the equitable jurisdiction of this court. (1 *Barb. Pr.* 39. *Mitf. Eq. Pl.* 35. *Story's Eq. Pl.* 8.) He shows that his remedy, if he has any, against the alleged fraudulent representations, is ample at law. The bill *is not for discovery ;* as an answer on oath is waived, but *is solely for relief* against supposed fraud. And the alleged information and belief that the defendants associated themselves together to defraud the complainant, does not require an answer, even so far as to deny the combinations, &c. (*Potts v. Durant,* 4 *Gwill.* 1351. 1 *Vern.* 416, *note* 1.) Nor can this bill be sustained as a creditor's bill. It has not the necessary and indispensable averments required by rule 189. (3 *Paige,* 505. *S. C.* 9 *Wend.* 548, *and* 2 *Barb. Pr. p.* 163 *to* 165.) The bill does not show that the defendant Clark has an *interest* in the subject of the bill ; nor is he liable to the plaintiff's demand as an original debtor. (*Cooper's Eq.* 178, 9. 1 *Vern.* 180.) He is a mere witness. and might be called to prove what the bill alleges, as mere belief, took place in his

Shepard v. Sanford.

presence. The bill states nothing expressly against the defendant Clark; but all is upon information or belief, or both. This is not sufficient to charge him on the ground of fraud, or otherwise, in this suit. (*Cooper's Eq.* 179 *to* 181, *and cases there cited.*) Stating circumstances upon information and belief, and then claiming a right to an account and relief against the defendants, or some of them, is insufficient and bad on demurrer. (*Id. ib.* 8 *Ves.* 395, 404, 405.) Alleging that the defendants, Sanford and Clark, or one of them, without stating which, had said or done this, that, or something else, does not entitle the complainant to either *discovery* or *relief against either.* (*Id. ib.* 8 *Ves.* 405.) The bill, as to the defendant Clark, is too loose and uncertain to authorize the complainant to call upon him to answer, or to entitle the complainant to any discovery or relief. (*Coop. Eq.* 181.) The bill is *multifarious;* it contains several matters of distinct or different natures against the defendants *severally,* as to which there is no *privity* alleged. (6 *Paige's Rep.* 22 *to* 28. 5 *Id.* 65. 2 *Ves.* 323 *to* 328, 487. 1 *Barb. Pr.* 40.) For the above reasons the bill was properly dismissed as to Clark, with costs, and the decree of the vice chancellor should be affirmed with costs.

THE CHANCELLOR. I think the vice chancellor decided correctly that there was no equity in the complainant's bill as against the defendant Clark; and that his remedy, for the damage sustained by Clark's false representations, was in an action at law. It is true Lord Erskine, in the case of *Clifford* v. *Brooke*, (13 *Ves. Rep.* 133,) says that such a fraudulent misrepresentation is the subject of an action, *or of a bill in equity.* But he immediately qualifies the expression by adding, "where it is necessary and fit that equity should interpose its concurrent jurisdiction." It may also be remarked that nothing satisfactory upon this question can be extracted from the opinion of Lord Eldon in the case of *Evans* v. *Bicknell*, (6 *Ves.* 174;) which was cited by the appellant's counsel upon the argument. Upon principle, however, a court of equity ought not to entertain jurisdiction of a case for the mere purpose of giving a com-

...pensation in damages, for an injury sustained by a false representation; where the remedy at law, by an action on the case, is clear and perfect; and where no discovery is asked for from the defendant.

The decree appealed from must therefore be affirmed, with costs.